IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01315-BNB

RODNEY B. ALLEN,

    Applicant,

v.

TERESA RHODES (Warden),

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Rodney B. Allen, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Allen has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of his conviction and sentence in a criminal case in the United States District Court for the Northern District of Texas. On May 22, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Allen to show cause why the application should not be denied because he has an adequate and effective remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255. On July 23, 2013, Mr. Allen filed his response to the show cause order. (*See* ECF No. 8.)

    The Court must construe the application and other papers filed by Mr. Allen liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However,

the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action for lack of statutory jurisdiction.

Mr. Allen was convicted of possession of a firearm by a convicted felon in the United States District Court for the Northern District of Texas.  *See United States v. Allen*, 136 F.3d 137 (5th Cir. 1998) (per curiam).  The judgment of conviction was affirmed on direct appeal.  *See id.*  In 2006, the trial court denied Mr. Allen's motion pursuant to 28 U.S.C. § 2255 challenging the validity of his conviction on limitations grounds.  *See United States v. Allen*, No. 3-05-CV-1477-K (N.D. Tex. Jan. 16, 2006).  In 2008, the trial court denied Mr. Allen's successive motion pursuant to § 2255 challenging the validity of his conviction because he had not obtained authorization to file a successive § 2255 motion.  *See United States v. Allen*, No. 3-08-CV-0453-K, 2008 WL 880546 (N.D. Tex. Apr. 1, 2008).  In the instant action, Mr. Allen again challenges the validity of his Northern District of Texas conviction.  Although the specific claims he is asserting are not clear, Mr. Allen contends he "is a victim of racial profiling, police corruption, prosecutorial and judicial misconduct" because he "was illegally arrested, illegally charged, illegally tried, and illegally convicted, and sentenced to serve 293 months in federal prison illegally, not only for crimes that he did not commit, but for crimes that never happened."  (ECF No. 1 at 2.)  As relief he asks to be released immediately.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its

validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

It is clear to the Court, and Mr. Allen does not dispute, that his claims in this action challenge the validity of the conviction and sentence imposed in the Northern District of Texas. Therefore, the Court finds that Mr. Allen's claims must be raised in the Northern District of Texas in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective.

Mr. Allen bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Allen's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the

3

petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Allen argues in his response to Magistrate Judge Boland's show cause order that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective for two reasons. First, Mr. Allen contends that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because a § 2255 motion would be untimely. Second, he argues that he should be allowed to challenge his conviction in this habeas corpus action pursuant to § 2241 because he is actually innocent. These arguments lack merit and do not demonstrate that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because Mr. Allen fails to demonstrate he could not raise his claims in an initial motion pursuant to § 2255. *See id.* Because Mr. Allen fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective, the application must be dismissed for lack of statutory jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of statutory jurisdiction because Applicant fails to demonstrate that

the remedy available to him in the sentencing court is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  26th  day of   July  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court